**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10965

(Summary Calendar)

_____


PHYLLIS L. RANDALL,

                              Plaintiff-Appellant,

versus


METHODIST HOSPITAL OF DALLAS, doing business
as Charlton Methodist Hospital,

                              Defendant-Appellee.



Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-1590-R)

February 26, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Phyllis L. Randall, employed as a nurse with Methodist
Hospital of Dallas ("Methodist") from July 1989 to June 1994,
appeals from the district court's grant of summary judgment to
Methodist on Randall's claim of discriminatory termination under

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12201 et seq.  Randall admits that her on-the-job back injury has rendered her unable to perform the heavy lifting that is an essential function of a nurse's job, but contends that Methodist violated the ADA by refusing to place her in other, vacant positions for which she was qualified.  *See* 42 U.S.C. § 12111(9) (noting that "reasonable accommodation" may include "reassignment to a vacant position."). *See also Daugherty v. City of El Paso*, 56 F.3d 695, 699 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1263 (1996).

The district court found no evidence that Randall was qualified for any of the allegedly vacant positions and granted summary judgment to Methodist on those grounds.  *See Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991) (noting that when the non-movant bears the burden of proof at trial, the moving party may show itself entitled to summary judgment merely by "point[ing] out the absence of evidence supporting the essential elements of the opposing party's case."); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 320 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 871 (1998) (holding that an ADA plaintiff, in order to make out a circumstantial, *prima facie* case of discrimination, must demonstrate that (1) she is disabled, (2) she is "qualified" for the position, (3) she was "subject to an adverse employment action," and (4) she was replaced by a non-disabled person or

treated "less favorably" than non-disabled employees.).

We review summary judgment determinations *de novo*, applying the same standards as the district court. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 (5th Cir. 1992). Thus, we look first to see whether Methodist has demonstrated an absence of evidence supporting any element of an ADA claim on which Randall bears the burden of proof. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). We then ask whether Randall has responded with sufficient evidence to create a genuine issue of material fact as to each of those elements. *See id*.

Here, we find that regardless of whether the record contains any evidence supporting Randall's qualifications for the vacant jobs, Methodist has demonstrated a lack of evidence supporting Randall's claim that she was treated less favorably than non-disabled employees. Indeed, Randall's complaint makes not even a passing reference to the treatment non-disabled people may have received at Methodist. Moreover, in response to Methodist's motion for summary judgment, Randall submitted only her own affidavit, alleging, in relevant part:

> I am personally aware of another nurse, Miosha Hill, who was allowed to return to the floor to be a nurse after she received a back injury that did not allow her to perform all of the functions of a nurse. This injury occurred when she was not on the job at the hospital. She was unable to perform the lifting and other exertions necessary as a nurse. She was given the necessary assistance by support staff to allow her to remain on the floor as a nurse until such time as she was rehabilitated to the point that she was able to work without

assistance.

Yet Randall also states in her affidavit that from the time of her injury in January 1994 until the time her doctor opined that she had reached maximum medical improvement in April 1994, she too was permitted to work "light duty." Thus, Randall's allegations concerning Hill, even if true, establish only that Hill, like Randall, was permitted to remain in her position as a nurse until reaching maximum medical recovery. Fortunately for Hill, maximum recovery meant full recovery, and she therefore could remain on the job permanently. For Randall, however, maximum recovery meant only partial improvement, indicating, in her doctor's opinion, that she would never be able to resume her full duties as a nurse. We cannot say, therefore, that Methodist has treated Randall any "less favorably" than Hill.

In light of this failure to produce any evidence that Methodist treated Randall less favorably than non-disabled employees, Randall has not met her burden under FED. R. CIV. PROC. 56. The district court's grant of summary judgment to Methodist is AFFIRMED.